34 F.3d 1073
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Jose Albert RIVERA-SANCHEZ, Petitioner-Appellant,
v.
Roger CRIST, Warden; Attorney General of the State of
Arizona, Respondents-Appellees.
 No. 93-17038.
 United States Court of Appeals, Ninth Circuit.
 Submitted Aug. 3, 1994.*
Decided Aug. 11, 1994.
 
 Before: WALLACE, Chief Judge, HUG and RYMER, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Jose Albert Rivera-Sanchez, an Arizona state prisoner, appeals pro se the district court's denial of his 42 U.S.C. Sec. 2254 habeas corpus petition challenging his convictions for aggravated assault and attempted murder. We have jurisdiction under 42 U.S.C. Sec. 2253. We review de novo, Robbins v. Christianson, 904 F.2d 492, 494 (9th Cir.1990), and affirm.
 
 
 3
 Rivera-Sanchez alleges numerous errors in the state trial court criminal proceedings, including (1) denial of his right to effective assistance of counsel, (2) improper denial of his motion to suppress evidence arising out of a warrantless search of a vehicle in which he was a passenger, (3) improper failure to give a jury instruction regarding lost or destroyed evidence, (4) denial of the right to speedy trial as guaranteed by Ariz.R.Crim.P. 8.2(b) and the United States Constitution, and (5) that he did not knowingly and intelligently waive his right to a speedy trial.
 
 
 4
 Because Rivera-Sanchez did not raise the first three issues before the district court, we decline to address them for the first time on appeal. See King v. Rowland, 977 F.2d 1354, 1357 (9th Cir.1992).
 
 
 5
 His only remaining claims are those related to alleged violations of the speedy trial act. We hold, as a preliminary matter, that the alleged violation of Ariz.R.Crim.P. 8.2(b) is not a ground for relief in a federal habeas action because it is solely a matter of state law. See Estelle v. McGuire, 112 S.Ct. 475, 480 (1991) ("[I]t is not the province of a federal habeas court to reexamine state court determinations on state law questions.").
 
 
 6
 This leaves only his contentions regarding alleged violations of the federal constitutional right to a speedy trial. We utilize a four factor test when evaluating whether a defendant's right to a speedy trial has been abridged. United States v. Sandoval, 990 F.2d 481, 482 (9th Cir.), cert. denied, 114 S.Ct. 218 (1993). These factors are: (1) " '[t]he length of the delay[;]' " (2) the reason for the delay; (3) " 'the defendant's responsibility to assert his right' to a speedy trial[;]" and (4) the " 'prejudice to the defendant.' " Id. (quoting Barker v. Wingo, 407 U.S. 514, 521 (1972)); see also United States v. Baker, 10 F.3d 1374, 1401 (9th Cir.1993).
 
 
 7
 Here, the Arizona Court of Appeals made factual findings regarding the existence of each of these four factors. A presumption of correctness applies to these findings. See Sumner v. Mata, 455 U.S. 591, 593 (1982). Agreeing that the nine and one-half month delay was significant, the Arizona court then made the following factual findings: "the delay was occasioned largely by defense requests for continuances[;] ... at no time did [Rivera-Sanchez] assert his right to a speedy trial[; and] ... no prejudice is alleged, other than the fact that his life was disrupted by virtue of his incarceration." The record supports these findings.
 
 
 8
 Under these circumstances, we hold no violation of Rivera-Sanchez's speedy trial rights occurred. See Baker, 10 F.3d at 1401 (failure to present evidence of prejudice weighs in favor of the government); Gordon v. Duran, 895 F.2d 610, 613 (9th Cir.1990) (rejecting claim of speedy trial right violation where delay caused by defense continuances).
 
 
 9
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4. Accordingly, Rivera-Sanchez's request for oral argument is denied
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the coruts of this circuit except as provided by 9th Cir.R. 36-3